# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GOTTLIEB, | ) | |
|     Plaintiff, | ) | Case No. 12 C 3902 |
| | ) | |
|     v. | ) | Judge Joan B. Gottschall |
| | ) | |
| LAINIE KROZEL, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action stems from plaintiff George Gottlieb's termination from his position with the Illinois Liquor Commission as a Public Service Administrator. Gottlieb contends that he exercised his constitutional right as a public employee to speak on a matter of public concern and, in return, was fired based on false accusations of battery. The defendants (the Illinois Liquor Commission, the Illinois Department of Revenue, and staff employed by these entities) move to dismiss Gottlieb's § 1983 claims and a related state law claim, contending they are barred due to prior administrative and criminal proceedings and, in the alternative, fail on the merits. For the following reasons, the motion to dismiss is granted in part and denied in part. Specifically, Gottlieb's claims against the Illinois Liquor Commission and the Illinois Department of Revenue are dismissed with prejudice and his federal claims against the individual defendants are dismissed without prejudice. In light of the dismissal of the federal claims, the court will decide whether to retain jurisdiction over Gottlieb's state law claim if he is able to amend his complaint to state a colorable federal claim. Alternatively, if Gottlieb decides not to amend his complaint, the court will consider whether to retain jurisdiction over his state law claim at that time.

## I. BACKGROUND

The following facts are drawn from the amended complaint and are accepted as true for purposes of the motion to dismiss. The Illinois Liquor Control Commission is an agency of the State of Illinois and a part of the Revenue Department. While Gottlieb was employed by the Commission as a Public Services Administrator, Lanie Krozel was the Chief of Staff of the Revenue Department, Richard Haymaker was Chief Counsel of the Illinois Liquor Commission, Gloria Mattere was the Executive Director of the Illinois Liquor Commission, Brian Hamer was the Director of the Illinois Department of Revenue, Stephen Schnorf was the Acting Chair of the Illinois Liquor Control Commission, and Sam Esteban, Amy Kurson, Michael McMahon, Bill Morris, Donald O'Connell, and James Pandolfi were members of the Illinois Liquor Control Commission.

During his tenure with the Commission, Gottlieb was responsible for enforcing Illinois liquor laws and investigating alleged violations of those laws. Gottlieb contends that Krozel and Haymaker disliked him because he was affiliated with the Republican Party of the State of Illinois. He also alleges they were unhappy with him based on his investigation of the V-Live Nite Club in Chicago, his reports to supervisors about the investigation, his claim that Christopher Kelly (the now-deceased aide to former Governor Blagojevich who was Krozel's friend and supported her politically) was financially involved in the V-Live Nite Club, and his comments to the media about misconduct by his superiors, including Krozel and Haymaker, relating to the V-Live Nite Club's liquor license.

On January 4, 2010, Gottlieb visited the Liquor Commission's office in Chicago to pick up supplies. While he was there, he saw Krozel and Haymaker, who were the only other people

in the office that day. According to Gottlieb, he chatted with Krozel and Haymayer and then left without incident. Gottlieb claims that based on their dislike of him, Krozel and Haymaker conspired to have him disciplined by agreeing to falsely accuse him of hitting Krozel during the office visit while Haymaker looked on.

Gottlieb was terminated based on the alleged battery. He challenged his termination before the Illinois Civil Service Commission but lost because Krozel and Haymaker falsely testified that he hit Krozel.[1] Gottlieb did not seek administrative review of this decision. Krozel also filed a battery claim against Gottlieb. Again based upon allegedly false testimony by Krozel and Haymaker, Gottlieb was convicted of battery. Gottlieb asserts that he would not have been terminated from his position as a Public Service Administrator or convicted of battery without Krozel and Haymaker's false accusations.

Gottlieb sued: (1) Krozel and Haymaker in their individual and official capacities; (2) Mattere, Hamer, Schnorf, Esteban, Kurson, McMahon, Morris, O'Connell, and Pandolfi in their official capacities; and (3) the Illinois Liquor Control Commission and the Illinois Department of Revenue. Counts I and II of his amended complaint invoke 42 U.S.C. § 1983 and are entitled, respectively, "Violation of Civil Rights (Liberty)" and "Violation of Civil Rights (Property)." Both counts assert that the defendants violated the First, Fifth, and Fourteenth

---

[1] The defendants assert that Gottlieb litigated the issue of whether he was, in fact, terminated due to the V-Live Nite Club investigation. In support, they quote from Gottlieb's testimony in his administrative proceedings to the effect that Krozel falsely accused him of hitting her because she was upset about the investigation and Gottlieb's comments to the media about the investigation. The court has not considered this evidence or any other factual allegations outside the four corners of the amended complaint as the defendants have moved to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

Amendments. Count III asserts a claim under the Illinois State Officials and Employees Ethics Act, 5 Ill. Comp. Stat. 430/1-1, *et seq*.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in his favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## III. ANALYSIS

The defendants ask the court to dismiss the amended complaint, contending that sovereign immunity bars Gottlieb's § 1983 claims against the Illinois Department of Revenue and Illinois Liquor Control Commission and the individual defendants in their official capacities. Alternatively, they contend that under the doctrines of res judicata and collateral estoppel, Gottlieb's unsuccessful challenge to his termination before the Illinois Civil Service Commission and his state court battery conviction bar him from re-litigating why he was terminated and whether he committed battery. As a second fall-back argument, they assert that the amended complaint fails to state a claim for which relief may be granted as to any of the defendants. For

the following reasons, Gottlieb's federal claims are dismissed and the court declines to exercise jurisdiction over his state law claims.

**A.     Sovereign Immunity**

The court begins with the defendants' argument that Gottlieb's claims against the Illinois Department of Revenue and Illinois Liquor Control Commission are barred by sovereign immunity.  Under the Eleventh Amendment, a state and its agencies have immunity against federal lawsuits unless the state consents to the suit or Congress abrogates its immunity.  *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).  There is no exception to state sovereign immunity for § 1983 claims.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  In addition, states and their departments are not "persons" within the meaning of § 1983 and thus cannot be held liable under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In his response to the motion to dismiss, Gottlieb contends that his claims against the Illinois Department of Revenue and the Illinois Liquor Control Commission fall within an exception to Eleventh Amendment immunity because he is seeking reinstatement, not damages. In support, he briefly contends that the Illinois Department of Revenue and the Illinois Liquor Control Commission are necessary parties under Fed. R. Civ. P. 19.  The fact that a litigant wishes to obtain relief from a state defendant does not, by itself, allow him to avoid sovereign immunity.  *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 859 (2008) (necessary parties were entitled to sovereign immunity).  Moreover, while the Eleventh Amendment "does not thwart the claims against the officials in their official capacities for the injunctive relief of reinstatement," it does bar a claim against the state entity itself.  *See Kashani v. Purdue Univ.*,

813 F.2d 843, 848 (7th Cir. 1987). Thus, Gottlieb's claims against the Illinois Department of Revenue and Illinois Liquor Control Commission are dismissed with prejudice.

The defendants also contend that the official capacity claims against the individual defendants must be dismissed based on sovereign immunity. In response, Gottlieb asserts that under *Ex Parte Young*, 209 U.S. 123, 159–60 (1908), this court may award injunctive relief against state officials sued in their official capacities. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 288 (1997) ("Where a plaintiff seeks prospective relief to end a state officer's ongoing violation of federal law, such a claim can ordinarily proceed in federal court.").

The problem with this argument is that the prayers for relief in the amended complaint do not request injunctive relief or mention reinstatement. Instead, they specifically request monetary damages, attorney's fees, and "[s]uch other and further relief as may be just and proper." Gottlieb may not amend his complaint by adding additional requests for relief in his response to the defendants' motion to dismiss. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Moreover, the court declines to interpret Gottlieb's general catch-all request for relief as a prayer for injunctive relief as a fair reading of the amended complaint does not indicate that Gottlieb seeks injunctive relief. Thus, the official capacity claims are dismissed without prejudice. This leaves Gottlieb's individual capacity claims against Krozel and Haymaker.

## B. Res Judicata and Collateral Estoppel

The defendants assert that the doctrines of res judicata and collateral estoppel bar Gottlieb from challenging his termination or contesting that he assaulted Krozel. As discussed below, the court finds that the defendants may seek dismissal based on these affirmative

defenses, rejects their request to dismiss based on on res judicata, and finds that collateral estoppel bars Gottlieb from challenging his termination or conviction for battery.

### 1. Propriety of Moving to Dismiss Based on Affirmative Defenses

Res judicata and collateral estoppel are affirmative defenses. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (res judicata); *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006) (collateral estoppel). It is generally "incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense." *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n.2 (7th Cir. 2006). However, if a plaintiff's complaint alleges sufficient facts to establish an affirmative defense, the court may consider a motion to dismiss based on res judicata or collateral estoppel. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

Gottlieb does not challenge the defendants' reliance on affirmative defenses as a basis for dismissal of his amended complaint. Nevertheless, in the interests of completeness, the court notes that it may consider the defendants' res judicata and collateral estoppel arguments at this point in the proceedings as they rest on facts alleged in the amended complaint. *See Justice v. Town of Cicero, Ill.*, 827 F. Supp. 2d 835, 837 (N.D. Ill. 2011). With this in mind, the court turns to the affirmative defenses.

### 2. Res Judicata (Claim Preclusion)

Under Illinois law, "[r]es judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga v. Starns*, 677 F.3d 766, 776 (7th Cir. 2012) (citing *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290 (1998)). Res judicata bars claims that were "actually decided in

the first action, as well as those matters that could have been decided in that suit." *River Park*, 184 Ill.2d at 302, 234 Ill.Dec. 783, 703 N.E.2d 883.

### a. Gottlieb's Termination

In this case, Gottlieb's constitutional claims are premised on his belief that he was terminated without cause. Gottlieb unsuccessfully challenged his termination in a Civil Service Commission hearing and did not appeal. The defendants contend that the Civil Service Commission's ruling has res judicata effect and thus bars Gottlieb's constitutional claims based on his termination since Gottlieb could have raised those claims in an appeal from the administrative decision but chose not to do so.

This court previously rejected this exact argument in *Watt v. Highland Park*, No. 01 C 6230, 2002 WL 31261216 (N.D. Ill. Sept. 3, 2002). In *Watt*, the plaintiff asserted that the City of Highland Park, its Police Chief, and multiple Highland Park police officers retaliated against him for exercising his First Amendment rights by investigating him, bringing baseless complaints against him, suspending him, and ultimately terminating him. The plaintiff in *Watt*, like Gottlieb, pursued an unsuccessful administrative challenge to his termination but did not appeal.

This court held that due to the lack of an appeal, "there is no state court judgment here" and concluded that res judicata did "not apply to unreviewed state administrative decisions like the Commission's order." *Id.* at *3; *see also Garcia v. Village of Mount Prospect*, 360 F.3d 630, 638 n.8 (7th Cir. 2004) ("[T]he adjudication which this court views as now having a preclusive effect is the circuit court's affirmance of the Board's decision, and not the Board's [underlying] decision."). Here, as in *Watt*, Gottlieb lost in administrative proceedings but did not appeal to

the state court so the state court never entered judgment. Nothing in the motion to dismiss persuades the court to revisit its holding that an administrative ruling is not a final judgment and thus has no res judicata effect on a subsequent federal lawsuit. The motion to dismiss Gottlieb's constitutional claims based on his administrative challenge to his termination is, therefore, denied.

### b. Gottlieb's Battery Conviction

Gottlieb asserts that he did not assault Krozel and that Krozel and Haymaker lied when they claimed he had done so. Gottlieb also alleges that he was convicted of battery based on Krozel and Haymaker's perjured testimony. The defendants argue that Gottlieb cannot re-litigate whether he battered Krozel. Gottlieb's response focuses on the Civil Service Commission's ruling about his termination and does not address the defendants' arguments about res judicata and his state court battery conviction. Moreover, facts underlying a criminal conviction cannot be challenged in a later civil case unless the conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). This did not occur as Gottlieb's complaint alleges he has been unfairly convicted of battery. Thus, to the extent that any of Gottlieb's claims seek to challenge to his battery conviction, they are dismissed with prejudice.

### 3. Collateral Estoppel (Issue Preclusion)

The defendants argue that the issue of why Gottlieb was terminated is barred by collateral estoppel. Under Illinois law, the doctrine of collateral estoppel bars further litigation of an issue when: "(1) the court rendered a final judgment in the prior case; (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior case; and (3) the issue

decided in the prior case is identical with the one presented in the instant case." *People v. Tenner*, 206 Ill.2d 381, 396 (Ill. 2002). Administrative decisions have collateral estoppel effect if they were "made in proceedings that are adjudicatory, judicial, or quasi-judicial in nature." *Ill. Health Maint. Org. Guar. Ass'n v. Dep't of Ins.*, 372 Ill.App.3d 24, 34-35 (Ill. App. Ct. 2007).

In his amended complaint, Gottlieb alleges that his termination was wrongful and thus violated his constitutional rights. In his response to the motion to dismiss, however, Gottlieb asserts that he is not attempting to use this federal lawsuit to attack the Civil Service Commission's upholding of his termination. Instead, he states that "[w]hether [he] actually committed the misconduct [presumably, whether he battered Kozel] is completely outside the issue of whether his rights under the First, Fifth, Fourteenth Amendments to the United States Constitution and Section 1983 were violated by the Defendants." Dkt. 34 at 7. Gottlieb thus appears to be arguing that he may challenge his termination on constitutional grounds even if he is forced to accept that he was terminated for cause based on his battery of Kozel.

"[F]act issues finally decided in an administrative proceeding that is judicial in nature precludes litigation of those same fact issues in a subsequent proceeding." *Vill. of Oak Park v. Ill. Dep't of Employment Sec.*, 332 Ill.App.3d 141, 143 (Ill. App. Ct. 2002); *see also Univ. of Tenn. v. Elliott*, 478 U.S. 788, 797 (1986) ("[I]t is sound policy to apply principles of issue preclusion to the factfinding of administrative bodies acting in a judicial capacity."). Gottlieb unsuccessfully challenged his termination in administrative proceedings. Thus, collateral estoppel bars him from re-litigating the correctness of his termination in this case because acceptance of his constitutional arguments today would necessarily conflict with the prior administrative decision finding that his termination was warranted.

The decision in *Flowers v. Carson*, 917 F. Supp. 614, 621 (S.D. Ind. 1996), is instructive. In that case, the plaintiff contended he was wrongfully terminated due to political patronage. After an administrative law judge upheld his termination, the plaintiff filed a federal lawsuit claiming his termination violated the First Amendment. The court found that the plaintiff's challenge to his termination was barred by the doctrine of collateral estoppel even though the plaintiff did not present constitutional claims in the administrative proceeding, explaining that "the fact that the administrative law judge did not and could not have addressed the Constitutional claim presented in this case is irrelevant. The question is rather whether the ALJ decided particular issues [the propriety of the plaintiff's termination] which are also presented in the present suit." *Id*.

Gottlieb, like the plaintiff in *Flowers*, is attempting to attack his termination based on constitutional grounds following an adverse administrative decision about his termination. Just as in *Flowers*, Gottlieb is bound by findings of fact regarding his termination that were made in his administrative proceedings. Accordingly, he is collaterally estopped from challenging that he was improperly terminated based on Krozel and Haymaker's testimony about the battery incident. This dooms Gottlieb's attempt to assert a constitutional challenge to his termination, so Counts I and II are dismissed.

The court will nevertheless allow Gottlieb to amend his complaint, if he can do so consistent with this order and counsel's Rule 11 obligations, to clarify his argument that he can accept the ruling upholding his termination and simultaneously assert that his termination was improper because it violated his constitutional rights. *See* Dkt. 34 at 7-9. In light of this ruling, the court will not consider the defendants' motion to dismiss Gottlieb's constitutional claims on

the merits.  The court further notes that any amended complaint may not assert that the defendants violated both the constitution *and* § 1983, as § 1983 is "not an independent source of tort liability; instead, it creates a cause of action for the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.  The statute is thus a means of vindicating rights secured elsewhere." *Narducci v. Moore*, 572 F.3d 313, 318-19 (7th Cir. 2009) (internal citations and quotations omitted).

**C.      The Illinois State Officials and Employees Ethics Act**

Gottlieb asks the court to retain jurisdiction over his state law claim under the Illinois State Officials and Employees Ethics Act, 5 Ill. Comp. Stat. 430/1-1, *et seq*., if it dismisses his federal claims.  In support, he contends that the statute of limitations prevents him from refiling this claim in state court.  However, "[t]he Illinois Code of Civil Procedure . . . provides for a tolling period of one year following a dismissal by a United States District Court for lack of jurisdiction." *Hobson v. Tishman Speyer Prop., L.P.*, No. 07 C 5744, 2008 WL 4837458, at *2 (N.D. Ill. Nov. 5, 2008).  Gottlieb does not acknowledge this rule and his filings do not suggest that it is inapplicable.

The court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The court will decide whether to retain jurisdiction over Gottlieb's state law claim if it finds he has stated a colorable federal claim.  Alternatively, if Gottlieb decides not to amend his complaint, the court will then consider whether to retain jurisdiction over his state law claim.

## IV. CONCLUSION

For the reasons discussed above, the defendants' motion to dismiss [Dkt. 17] is granted in part and denied in part. Specifically, Gottlieb's claims against the Illinois Liquor Commission and the Illinois Department of Revenue are dismissed with prejudice. To the extent that any of Gottlieb's claims seek to challenge to his battery conviction, they are dismissed with prejudice. Gottlieb's federal claims against the individual defendants based on his termination are dismissed without prejudice. By September 23, 2013, Gottlieb may file an amended complaint directed at the individual defendants if he can do so consistent with this order and Rule 11. In light of the dismissal of the federal claims, the court will decide whether to retain jurisdiction over Gottlieb's state law claim if he is able to amend his complaint to state a colorable federal claim. Alternatively, if Gottlieb decides not to amend his complaint, the court will consider whether to retain jurisdiction over his state law claim at that time.

Date: August 26, 2013

_____
Joan B. Gottschall
United States District Judge